IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

FELIX LARA,

        Plaintiff,

   vs.                      **Case No. 06-4145-RDR**

UNIFIED SCHOOL DISTRICT
501, SHAWNEE COUNTY,
STATE OF KANSAS,

        Defendant.

_____

**MEMORANDUM AND ORDER**

This is an employment discrimination action.  Plaintiff is a former employee of defendant Unified School District No. 501 (USD 501).  He asserts federal claims under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.; and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.  He has also alleged a state law claim.  This matter is presently before the court upon defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim.  Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

In this action, plaintiff alleges he was discriminated against by USD 501 during his employment in various ways and forced to retire on July 29, 2005.  The complaint filed by plaintiff contains

four counts with the following titles: (1) Count I--Workers'
Compensation Retaliation; (2) Count II--Family Medical Leave Act;
(3) Count III--Americans with Disabilities Act; and (4) Count IV--
Age Discrimination.  In its analysis of the complaint, USD 501
suggests that plaintiff is asserting the following claims:  (1)
retaliation for filing a worker's compensation claim under Kansas
law [Count I]; (2) interference with his right to take leave
pursuant to the FMLA [Count II]; (3) retaliation for requesting or
using FMLA leave [Count II]; (4) age discrimination prohibited by
the ADEA [Count IV]; (5) retaliation for engaging in an activity
protected by the ADEA [Count IV]; (6) discriminatory termination on
the basis of actual disability prohibited by the ADA [Count III];
(7) discriminatory termination on the basis of perceived disability
or the record of a disability prohibited by the ADA [Count III];
(8) failure to accommodate an employee's known disability as
required by the ADA [Count III]; (9) harassment based on disability
prohibited by the ADA [Count III]; and (10) retaliation for
engaging in an activity protected by the ADA [Count III].  USD 501
contends that plaintiff failed to exhaust his administrative
remedies on claims 1, 5, 6, 8, 9 and 10.  USD 501 further asserts
that plaintiff has failed to state a claim upon which relief can be
granted in claims 2 and 5.  In response, plaintiff indicates that
he has only six causes of action in his complaint: (1) workers'
compensation retaliation; (2) and (3) retaliation and interference

under the FMLA; (4) and (5) perceived and actual disability under the ADA; and (6) age discrimination under the ADEA. Plaintiff contends that USD 501's arguments concerning these claims lack merit. Although he fails to mention it in the section of his response outlining the claims asserted, plaintiff also argues that his failure to accommodate a claim under the ADA should not be dismissed. In its reply, USD 501, after consideration of the plaintiff's response, seeks dismissal of only the following claims for lack of subject matter jurisdiction: (1) discrimination based upon actual disability under the ADA; (2) failure to accommodate under the ADA; and (3) workers' compensation retaliation. USD 501 further seeks dismissal of plaintiff's FMLA interference claim for failure to state a claim upon which relief can be granted. USD 501 has conceded that plaintiff should be allowed to proceed on three claims: (1) FMLA retaliation; (2) discrimination based upon perceived disability under the ADA; and (3) age discrimination under the ADEA.

Out of this jumble of assertions and allegations, the court will attempt to make some sense of the actual claims asserted in the complaint. Based upon plaintiff's response, the court believes that the following claims either are not being alleged or have been abandoned: (a) retaliation for engaging in an activity protected by the ADEA; (b) harassment based on disability prohibited by ADA; and (c) retaliation for engaging in an activity protected by the

ADA.  The focus of this order shall be upon the following claims:
(1) discrimination based upon actual disability under the ADA; (2)
failure to accommodate under the ADA; (3) workers' compensation
retaliation; and (4) FMLA interference.  With that said, the court
will turn to the background of this case.

II.

Plaintiff was employed with USD 501 from December 28, 1982
until his retirement which was effective July 29, 2005.  His
official position was building operator at Hope Street Academy.
Plaintiff was 59 years old at the time of his retirement.

In the complaint, plaintiff indicates he has suffered three
significant health problems since 2002.  On July 1, 2002 plaintiff
developed an aneurysm which ruptured.  This problem required him to
be absent from work for approximately three months.  He returned to
his employment in October 2002.  In 2003, plaintiff suffered a
serious heart attack.  After recovering from surgery, he returned
to work.  On approximately September 8, 2004 plaintiff suffered an
abdominal hernia after lifting a trash can into a dumpster during
his employment at the Hope Street Academy.  Plaintiff filed a
workers' compensation claim for this injury and hired an attorney
to represent him.

Plaintiff alleges that, in 2004, he was advised by the
Director of Human Resources of USD 501 that he should consider
retirement due to his age and absences from work.  Plaintiff was

4

allegedly told that he would be fired if he did not take early retirement. Plaintiff also asserts that the principal of Hope Street Academy called him into his office and told him that his medical problems and absences from work were costing USD 501 too much money. The principal purportedly told plaintiff that he should think about retiring because USD 501 needed someone younger. Plaintiff contends that he then sought early retirement to avoid being fired. He submitted a letter requesting early retirement to become effective August 1, 2005. USD 501 approved the request, effective July 29, 2005.

On September 5, 2005 plaintiff filed a charge with the Kansas Human Rights Commission (KHRC) against USD 501. The charge was dually filed with the Equal Employment Opportunity Commission (EEOC). In the charge of discrimination, plaintiff indicated that he was asserting claims of disability and age discrimination. Plaintiff provided the following facts in the charge:

> I. I was perceived to be disabled. I was born in 1945, and I am sixty (60) years old.
> II. I was employed by the Respondent from December 27, 1982, to July 29, 2005. I last held the position of Building Operator.
> A. On July 29, 2005, I was forced to retire.

On August 21, 2006 the KHRC issued its summary of investigative findings. The KHRC found that plaintiff's charge of age and perceived disability discrimination had not been timely filed. On September 28, 2006 the EEOC mailed plaintiff a right-to-sue letter. On December 28, 2006 plaintiff faxed USD 501 a letter

stating a written claim pursuant to K.S.A. 12-105b(d) for age, disability and perceived disability discrimination, and retaliation after filing a workers' compensation claim. Plaintiff filed the instant action on December 29, 2006.

III.

USD 501 initially argues the court lacks subject matter jurisdiction over three claims because plaintiff failed to exhaust administrative remedies on each claim. Since federal courts are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction. Penteco Corp. Ltd. P'ship--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). A court lacking subject matter jurisdiction "must dismiss the case at any stage of the proceeding in which it becomes apparent that such jurisdiction is absent." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). When a defendant brings a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the plaintiff must carry the burden of proving jurisdiction. Mounkes v. Conklin, 922 F.Supp. 1501, 1505 (D.Kan. 1996).

The ADA requires a plaintiff to exhaust his administrative remedies before filing suit. Jones v. UPS, Inc., 502 F.3d 1176, 1183 (10th Cir. 2007). Exhaustion of administrative remedies is a jurisdictional prerequisite. Id.

Rule 12(b)(1) attacks on subject matter jurisdiction are

typically either facial attacks on the sufficiency of juris-
dictional allegations or factual attacks on the accuracy of those
allegations.  Holt v. United States, 46 F.3d 1000, 1002-03 (10th
Cir. 1995).  USD 501 in this case lodges a factual attack--one
which questions the accuracy of the allegations in the complaint as
they relate to subject matter jurisdiction.  See Holt, 46 F.3d at
1002.  In reviewing a factual attack on the complaint, the court
has wide discretion to allow affidavits, other documents, and a
limited evidentiary hearing to resolve disputed jurisdictional
facts.  See Davis ex rel. Davis v. United States, 343 F.3d 1282,
1294 (10th Cir. 2003), cert. denied, 542 U.S. 937 (2004).  In such
instances, a court's reference to evidence outside the pleadings
does not convert the motion to dismiss to a motion for summary
judgment under Fed.R.Civ.P. 56.  Id.

IV.

A.

Initially, USD 501 seeks dismissal of plaintiff's claim of
discrimination under the ADA based upon actual disability.  USD 501
argues that plaintiff failed to exhaust administrative remedies on
his actual disability claim and, therefore, the court lacks subject
matter jurisdiction over this claim.

Plaintiff first contends that USD 501 has erroneously used
matters outside the pleadings to support this argument.  As
previously noted, this contention lacks merit.  The court may

7

consider matters outside the pleadings when resolving a factual dispute on subject matter jurisdiction.  A factual dispute exists on plaintiff's exhaustion of  administrative remedies.

The first step in determining whether a plaintiff has exhausted administrative remedies is to determine whether plaintiff filed his charge of discrimination with the EEOC or to the authorized state agency.  <u>Jones</u>, 502 F.3d at 1183.  Here, plaintiff filed a complaint with the appropriate state agency, which was dually filed with the EEOC.  Accordingly, there is no question that plaintiff filed an administrative charge of discrimination.

The next step in determining whether plaintiff has exhausted his administrative remedies is to determine the scope of the allegations raised in the administrative charge because "[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can be reasonably expected to follow the charge of discrimination submitted to the [administrative agency].  <u>MacKenzie v. City & County of Denver</u>, 414 F.3d 1266, 1274 (10th Cir. 2005).  Plaintiff's agency complaint must have included a claim of discrimination based upon actual disability, or at least included those facts which would prompt the agency to investigate a charge of discrimination based upon actual disability.  <u>Id</u>.  In these circumstances, the test in determining whether a claim not specifically asserted in the administrative charge may be asserted in the federal action is as follows:  Is the

8

omitted charge "like or reasonably related" to the claims asserted in the administrative charge?  <u>Martin v. Nannie and the Newborns</u>, 3 F.3d 1410, 1416 n. 7 (10th Cir. 1993).

In his complaint, plaintiff alleges that he has an impairment which substantially limits one or more major life activities, a record of such impairment, and that he was regarded as having such an impairment.  However, in his administrative charge of discrimination, plaintiff alleged only that he was "perceived to be disabled" and that USD 501 forced him to retire based upon a "perceived disability."  The administrative charge fails to mention any "actual disability" or any claim based upon an "actual disability."

The court must determine whether plaintiff's claim of actual disability discrimination in his complaint is reasonably related to his allegations of perceived disability set forth in his administrative charge or whether his assertion of perceived disability would have reasonably led the administrative agencies to investigate an actual disability claim.  The court has found no Tenth Circuit guidance on this particular issue.  Other courts, however, have considered this issue and determined that plaintiff's claim of actual disability falls within the scope of a claim of perceived disability made in the administrative charge.  <u>See</u> <u>Mayers v. Washington Adventist Hospital</u>, 131 F.Supp.2d 743, 748 (D.Md. 2001) (discrimination claim based on actual disability fell within

scope of EEOC charge that alleged only discrimination based on perceived disability where the same allegations and facts included within the charge could reasonably support a claim asserting discrimination on the basis of an actual disability), aff'd, 22 Fed.Appx. 158 (4th Cir. 2001).

Having carefully reviewed the reasoning of Mayers, the court agrees with its decision on this issue.  As stated there: "[I]t could be reasonably expected that an EEOC investigation would discover that plaintiff actually suffered from . . . the asserted disability, not only that her employer regarded her as suffering from [the disability]." Mayers, 131 F.Supp.2d at 748 (emphasis in original).

Here, plaintiff did check the box for "disability" on his administrative charge.  The box provides no distinction between "perceived" and "actual."  Although plaintiff did not spell out specific facts or name his precise disability in his administrative charge, the charge must be construed liberally in order to satisfy the remedial nature of the ADA.  See Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1195 (10th Cir. 2004).  Accordingly, because the jurisdictional requirement of exhaustion is for the purpose of notice to the defendant and investigation by the administrative agency, and because plaintiff's charge must be construed liberally, plaintiff's claim of actual disability is like or reasonably related to plaintiff's claim of perceived disability.

B.

USD 501 next contends plaintiff's failure to accommodate claim under the ADA must be dismissed for lack of subject matter jurisdiction because he failed to exhaust his administrative remedies on this claim.  In response, plaintiff suggests that (1) there was no "failure to accommodate" box to check on the state administrative charge, and (2) his failure to accommodate claim naturally arises from his disability discrimination claim.

Once again, the court shall consider materials outside the pleadings to determine this issue.  In addition, the court shall again consider the scope of the allegations raised in the administrative charge and decide whether the omitted charge is "like or reasonably related" to the claims asserted in the administrative charge.

A review of the administrative charge reveals no mention of any failure to accommodate by USD 501.  Even though there is no box for the plaintiff to check on "failure to accommodate," plaintiff asserted no such claim in the text portion of the administrative charge.  Though plaintiff argues that a failure to accommodate claim naturally follows a disability discrimination claim, the Tenth Circuit has found that a disability discrimination claim alleging termination because of an actual or perceived disability does not automatically exhaust administrative remedies for a

11

failure to accommodate claim.   See Jones, 502 F.3d at 1187;
MacKenzie, 414 F.3d at 1274 n. 13.  The court is not persuaded that
the claims asserted by plaintiff in his administrative charge would
have provided reasonable notice to the state agency that plaintiff
intended to raise a claim of failure to accommodate.  In fact, the
summary later issued by the state agency shows that it investigated
only the claims of forced retirement based upon age and disability,
and does not discuss any findings concerning failure to
accommodate.

The court finds that plaintiff has failed to exhaust his
administrative remedies on his claim of failure to accommodate
based upon an actual or perceived disability.  Accordingly, the
court shall dismiss this claim for lack of subject matter
jurisdiction.

C.

Finally, the court shall turn to USD 501's argument that
plaintiff's state law worker's compensation claim should be
dismissed because plaintiff failed to exhaust his administrative
remedies.  USD 501 contends this claim should be dismissed because
plaintiff failed to comply with the requirements of K.S.A. 12-
105b(d).

The statute at issue provides as follows:

Any person having a claim against a municipality which
could give rise to an action brought under the Kansas
tort claims act shall file a written notice as provided
in this subsection before commencing such action. The

notice shall be filed with the clerk or governing body of
the municipality and shall contain the following: (1) The
name and address of the claimant and the name and address
of the claimant's attorney, if any; (2) a concise
statement of the factual basis of the claim, including
the date, time, place and circumstances of the act,
omission or event complained of; (3) the name and address
of any public officer or employee involved, if known; (4)
a concise statement of the nature and the extent of the
injury claimed to have been suffered; and (5) a statement
of the amount of monetary damages that is being
requested....Once notice of the claim is filed, no action
shall be commenced until after the claimant has received
notice from the municipality that it has denied the claim
or until after 120 days has passed following the filing
of the notice of claim, whichever occurs first. A claim
is deemed denied if the municipality fails to approve the
claim in its entirety within 120 days unless the
interested parties have reached a settlement before the
expiration of the period. No person may initiate an
action against a municipality unless the claim has been
denied in whole or in part.

The record shows that plaintiff faxed a written claim to USD
501 on December 28, 2006.  He then filed the instant action on
December 29, 2006.  Service was made upon USD 501 on February 7,
2007.

In <u>Dunnegan v. City of Council Grove</u>, 77 F.Supp.2d 1192
(D.Kan. 1999), this court dismissed a state law claim against a
municipality where plaintiff filed a notice of claim under K.S.A.
12-105b(d) one hour prior to filing federal court complaint.  We
stated:

The language of the statute concerning the requirement of
prior notice is quite clear. A claim must be filed with
the municipality prior to the commencement of litigation
and litigation cannot be begun until the claim has been
denied or 120 days have passed, whichever occurs first.
The purpose of the notice and delay requirements is to
insure that the municipality has ample time to

investigate the claim before being sued on that claim.
Filing the notice on the day that litigation is begun
does not constitute prior notice. Such action by the
plaintiff does not allow any pre-investigation period by
the City. Approving the procedure used by the plaintiff
would eliminate the notice requirement from the statute.
We cannot find the actions of the plaintiff constitute
compliance with K.S.A. 12-105b(d). Accordingly, the court
agrees with the defendant that the failure by plaintiff
to file her notice pursuant to K.S.A. 12-105b(d) with the
City prior to the filing of her federal lawsuit requires
dismissal of her state law claims.

Dunnegan, 77 F.Supp.2d at 1206.

Plaintiff has offered four arguments in response to USD 501's

contention. First, plaintiff asserts that K.S.A. 12-105b(d)

requires only notice, and that such notice should not be confused

with a failure to exhaust administrative remedies. Second, even if

exhaustion is required by the statute, plaintiff asserts that his

state law claim should have been deemed "commenced" on the date

that he intended to serve the summons on USD 501 rather than the

date of the filing of the complaint or the date on which the clerk

issued the summons. Third, plaintiff contends that the

administrative charge filed on September 2, 2005 constitutes

sufficient notice to the defendant under K.S.A. 12-105b(d).

Finally, plaintiff suggests that even if the commencement of this

action was premature under K.S.A. 12-105b(d), USD 501 would not be

prejudiced if the premature filing were allowed to "relate

forward."

For the reasons stated in Dunnegan, we find that this claim

must be dismissed. The court finds that plaintiff failed to

14

properly comply with K.S.A. 12-105b(d).  He filed the claim one day prior to filing suit.   Such action fails to allow the school district sufficient notice under the statute.   Accordingly, the claim must now be dismissed.

The court does wish to address several of the arguments raised by the plaintiff.   The court finds no merit to the plaintiff's contention that USD 501 has confused the "jurisdictional requirement of notice with failure to exhaust administrative remedies."   The notice requirements in K.S.A. 12-105b(d) are "mandatory and a condition precedent to bringing a tort claim against a municipality."   Keehner v. Dunn, 409 F.Supp.2d 1266, 1275 (D.Kan. 2005).   If the requirements of K.S.A. 12-105b(d) are not satisfied, the court cannot assert jurisdiction over the defendant municipality.   Kau Kau Take Home No. 1 v. City of Wichita, 281 Kan. 1185, 135 P.2d 1221, 1227 (2006); Myers v. Board of Jackson County Commissioners, 280 Kan. 869, 127 P.3d 319, 325 (2006).   In Dunnegan, this court addressed this issue and determined that a state law claim may be dismissed for lack of subject matter jurisdiction based upon lack of compliance with K.S.A. 12-105b(d). Dunnegan, 77 F.Supp.2d at 1206.

Plaintiff has also argued that he intended to serve the defendant after the expiration of the 120-day waiting period set forth in K.S.A. 12-105b(d).   He suggests that, based upon this intention, the court should find that he has complied with the

15

dictates of the statute.   The court finds no support for the argument offered by plaintiff either in the statute or in case law. No authority exists to allow plaintiff to rely upon his intended service date, even under the differing rules on commencement of actions under federal law and Kansas law.   The record clearly demonstrates that plaintiff sent USD 501 notice under the statute just one day prior to filing the action.   Service was made upon the school district within 40 days of the filing of the action.   There is no question that USD 501 received insufficient notice under K.S.A. 12-105b(d).

Plaintiff next argues that his filing with the KHRC on September 2, 2005 provides adequate notice to USD 501 under K.S.A. 12-105b(d).   The court has previously rejected this argument. Dunnegan, 77 F.Supp.2d at 1206.   We find no basis to revisit it now.   The administrative charge filed by plaintiff alleging disability and age discrimination provided no notice of any tort claims asserted by plaintiff against the school district.   The purpose of K.S.A. 12-105b(d) is to provide such notice.

Finally, plaintiff suggests that the defendant would not be unduly prejudiced by allowing the premature commencement to "relate forward."   The court finds no merit to such a contention.   If the court accepted this argument, the notice requirement of K.S.A. 12-105b(d) would be effectively eliminated.   Accordingly, we must reject it.

V.

The court shall now consider USD 501's contention that plaintiff's claim of FMLA interference should be dismissed for failure to state a claim upon which relief can be granted.  USD 501 asserts that plaintiff has failed to properly plead a claim of FMLA interference because he has failed to state that some adverse action by it interfered with his right to take leave.

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  In reviewing a motion brought pursuant to Fed.R.Civ.P. 12(b)(6), the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting David v. City & County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996)).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)).

In order to establish a claim for FMLA interference, plaintiff must demonstrate that he (1) was entitled to FMLA leave, (2) that some adverse action by his employer interfered with his right to take such leave, and (3) that the employer's action was related to

17

the exercise of his FMLA rights.  Campbell v. Gambro Healthcare, Inc., 478 F.3d 1282, 1287 (10th Cir. 2007).  As noted previously, USD 501 contends that plaintiff has inadequately pleaded facts to support the second element of his interference claim, i.e., that USD 501 took some adverse action that interfered with plaintiff's right to take leave.  Plaintiff contends that his subsequent termination after the completion of his leave constitutes the necessary interference with his leave.

The court believes that plaintiff has confused the claim of interference with FMLA leave with the claim of retaliation for the exercise of FMLA leave.  Plaintiff has asserted both claims here, but relies upon the same allegations for both.  USD 501 does not dispute that plaintiff has properly pleaded a retaliation claim under the FMLA.

Plaintiff is correct that an FMLA interference claim can be based upon the adverse action of termination.  See Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 960-61 (10th Cir. 2002) (plaintiff was fired while taking FMLA leave due to cancer treatment).  However, in all of the cases cited by plaintiff and examined by the court, the employee plaintiffs alleging FMLA interference were terminated *during or just following* a period of FMLA leave.  In order to support the second element of his interference claim, plaintiff must provide facts that demonstrate that (1) he was prevented from taking the entirety of the leave

18

proscribed by the FMLA; (2) he was denied reinstatement to his position upon returning from leave; or (3) his employer denied his initial request to take leave. Campbell, 478 F.3d at 1287. In the complaint, plaintiff's allegations suggest that he returned to work in each instance where he took medical leave. There are no facts which support the allegation that USD 501 interfered with plaintiff's taking or completion of the full length of leave under the FMLA. Plaintiff merely states in a conclusory fashion that "forced early retirement . . . also violated the interference provisions of the FMLA." The complaint states that plaintiff was absent from work for periods of time in 2002, 2003 and 2004 and that he was forced to retire on July 29, 2005, seven months after his last completion of FMLA leave. Even if these facts are proven, they are insufficient to satisfy the second element of the FMLA interference claim. Without the necessary facts in the complaint to support this claim, the court finds that plaintiff has not "nudged [his] claim[] across the line from conceivable to plausible." Bell Atlantic, 127 S.Ct. at 1974. Accordingly, the court shall grant this aspect of the defendant's motion and dismiss plaintiff's claim for FMLA interference for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss (Doc. # 20) be hereby granted in part and denied in part. The court hereby dismisses the following claims for lack of subject

19

matter jurisdiction: (1) failure to accommodate under the ADA; and (2) worker's compensation retaliation.   The court also hereby dismisses plaintiff's claim for FMLA interference for failure to state a claim upon which relief can be granted.   The remainder of the motion is denied.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2008, at Topeka, Kansas.


                                    s/Richard D. Rogers
                                    United States District Judge