IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FELIX LARA,                              )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )        Case No. 06-4145-RDR
                                         )
                                         )
UNIFIED SCHOOL DISTRICT 501,             )
                                         )
                    Defendant.           )

## ORDER

This matter comes before the court on the motion of Plaintiff Felix Lara for leave to amend the Pretrial Order (Doc. 57).  Defendant Unified School District 501 filed a memorandum in opposition to the motion (Doc. 58), to which Plaintiff has filed a reply (Doc. 66).  The court thus deems this matter fully briefed and ripe for disposition.  For the reasons discussed below, the court denies Plaintiff's motion to amend the pretrial order.

### I.      Relevant Factual Background

This is an employment case arising under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (ADEA), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (FMLA), and the common law of Kansas.  The present motion is concerned with Plaintiff's claims under the ADA.

Plaintiff's Complaint specified three medical conditions that Plaintiff had suffered during the course of his employment with Defendant.  These three conditions were: 1) a ruptured aneurysm for which Plaintiff had undergone corrective surgery; 2) a heart

attack, for which Plaintiff underwent bypass surgery; and 3) an abdominal hernia Plaintiff sustained while at work.  Plaintiff contends that, as a result of these medical conditions, "he has a physical impairment that substantially limits one or more of the major life activities, a record of such an impairment and was regarded by defendant as having such an impairment."[1]  These contentions were embodied in the Pretrial Order (Doc. 53).

Plaintiff now moves the court for leave to amend the Pretrial Order to list three additional medical conditions: fibromyalgia, high blood pressure, and diabetic neuropathy.  Plaintiff has not previously moved to amend his complaint to include these medical conditions.  During discovery (which is now completed) Defendant asked Plaintiff, via interrogatory, to "state and describe each disability upon which you base any of your claims against the District, including the nature of the disability and the major life activity(ies) that are impaired by each such disability the onset of each disability and when, if ever, the disability no longer existed or was resolved."[2]

In response, Plaintiff listed the aneurysm, the heart attack, and the hernia previously mentioned.[3]  Plaintiff did not mention diabetic neuropathy, fibromyalgia, or high blood pressure in his response to this interrogatory.[4]  Further, plaintiff never supplemented his response to this interrogatory with an answer mentioning diabetic neuropathy, fibromyalgia, or high blood pressure.[5]  Discovery in this case closed on November 13, 2007.

---

[1] Pretrial Order (Doc. 53) at p. 10.
[2] Response (Doc. 58) at (Exhibit A) p.  3-4.
[3] *Id.*
[4] *Id.*
[5] Response (Doc. 58) at p. 16.

Plaintiff has moved the court to amend the Pretrial Order to include additional information concerning his medical conditions in order to support his claim that he has been discriminated against on the basis of disability.

## II.   Standard to Amend Pretrial Order

Under Fed. R. Civ. P. 16(e), the pretrial order "controls the course of the action unless the court modifies it."[6]   The party seeking to amend the pretrial order has the burden to demonstrate that manifest injustice would otherwise occur.[7]   Whether to modify the pretrial order lies within the court's discretion.[8] In exercising this discretion, the court should consider the following factors: (1) disruption to the orderly and efficient trial of the case by inclusion of the new issue; (2) prejudice or surprise to the party opposing trial of the issue; (3) the ability of the party to cure any prejudice; and (4) bad faith by the party seeking to modify the order.[9]   When applying these factors, the court must strive to assure "the full and fair litigation of claims."[10]

### A.   Analysis

### 1.   Disruption to the Orderly and Efficient Trial of this Case

Here, the court finds that allowing plaintiff to amend his pretrial order in this manner would disrupt the timely resolution of this case.   Defendant has already filed a Motion for Summary Judgment (Doc. 64) and the addition of these new issues at this late date would unnecessarily delay resolving this matter.

### 2.   Prejudice or surprise and the ability of the party to cure any prejudice.

---

[6] Fed. R. Civ. P. 16(e).
[7] *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002).
[8] *Id.*
[9] *Koch v. Koch Inds., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000)(citation omitted).
[10] *Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993).

The court finds that inclusion of these additional issues in the pretrial order would severely prejudice Defendant and no reasonable means exists to ameliorate such prejudice.

First, Defendant is prejudiced because it relied on Plaintiff's response to its interrogatory which asked plaintiff to "state and describe each disability upon which you base any of your claims against the District, including the nature of the disability and the major life activity(ies) that are impaired by each such disability the onset of each disability and when, if ever, the disability no longer existed or was resolved."[11]   In response, Plaintiff listed the aneurysm, the heart attack, and the hernia previously mentioned[12], but did not mention diabetic neuropathy, fibromyalgia, or high blood pressure in his response to this interrogatory[13] and plaintiff has never supplemented his response.[14]

If, as Plaintiff now suggests, Plaintiff's basis for claiming a disability rests upon medical conditions additional to those listed by Plaintiff in his response to Defendant's interrogatory, then Plaintiff's original interrogatory response was incomplete.  As such, Plaintiff had a duty to correct this incompleteness by supplementing his response.[15]

Plaintiff, in his Motion to Amend, points to the fact that Plaintiff mentioned at his deposition that he suffered from fibromyalgia.[16]   Moreover, Plaintiff notes that his medical records, a copy of which was in the possession of the Defendant, reflect that he has been diagnosed with fibromyalgia, diabetes, and high blood pressure.[17]   While

---

[11]Response(Doc) 58 at (Exhibit A) p. 3-4.
[12] *Id.*
[13] *Id.*
[14] Response (Doc. 58) at p. 16.
[15]*See* Fed. Rule Civ. P. 26(e).
[16]Motion (Doc. 57) at p. 2.
[17] *Id.*

Plaintiff's deposition testimony and medical records certainly made known the fact that he was afflicted with medical conditions in addition to those mentioned in his interrogatory response, these disclosures alone were not sufficient to relieve Plaintiff of his duty to supplement and do not indicate that Defendant was on sufficient notice of these illnesses in the context for which Plaintiff now seeks to use them.  Defendant's interrogatory did not ask what medical conditions Plaintiff suffered from, but rather what medical conditions he was basing his claim to having a disability upon.  Thus, if Plaintiff wished to use these additional medical conditions to support his ADA claims, he had a duty to correct his response to the interrogatory.

Discovery has now been over for quite some time, and had been over for two weeks at the time that Plaintiff sought to amend the Pretrial Order to assert claims based upon these additional medical conditions.  If Plaintiff had included these conditions in his original response, or supplemented that response to include this information at some point during discovery, Defendant would have had the opportunity to investigate these conditions, question Plaintiff about them during his deposition, or perhaps seek an independent medical examination.  Plaintiff's failure to include these medical conditions in his response to Defendant's interrogatory deprived Defendant of the option to pursue any of these avenues of discovery.  Moreover, because discovery has now ended in this case, there is no ability to cure this harm without re-opening discovery, which would slow and disrupt the progress of this case.

### 3.      Bad faith or willfulness

There is no clear evidence of bad faith.  But, the fact remains that Plaintiff was aware of his medical conditions (as evidenced by his deposition testimony and his

possession of his medical records) well before the end of discovery.  Further, his failure to supplement his interrogatory answer to reflect the fact that he was basing his claim upon three additional medical conditions, coupled with his lack of any stated justification for his failure, leads the court to the conclusion that Plaintiff's actions might have been motivated by bad faith or willfulness.

Even without finding that Plaintiff acted in bad faith, the other factors weigh heavily against permitting Plaintiff to amend the Pretrial Order.  As a result, the court, in its discretion, finds denial of the instant motion proper.

### III.    Fed. Rule 37(c)

Defendant also argues that pursuant to Rule 37(c)(1), plaintiff's attempt to amend the Pretrial Order at this late date is improper, and the court agrees.

### A.    Standard

Rule 37(c)(1) provides that a "party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at hearing or on a motion any witness or information not so disclosed."[18]  Rule 26(e) requires parties to supplement their responses to interrogatories "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[19]

---

[18] Fed. R. Civ. P. 37(c)(1).
[19] Fed. R. Civ. P. 26(e)(1)(A).

"The determination of whether of whether a Rule 26 violation is justified or harmless is entrusted to the broad discretion of the district court."[20]  In deciding whether a Rule 26 violation should be treated as substantially justified or harmless, the court considers: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing the evidence would disrupt the trial; and (4) the moving party's bad faith or willfulness."[21]

Considering these factors are virtually identical to the factors the court just applied, the court finds that Plaintiff's failure to supplement, as mandated by Rule 26(e), was without justification and was not harmless.

Because Plaintiff's failure to supplement his answer to Defendant's interrogatory was neither substantially justified nor harmless, Fed. Rule Civ. P. 37(c)(1) applies, and offers additional reason as to why the court should not permit Plaintiff to amend the parties' Pretrial Order.

## IV.    Standard for Amending the Complaint

Additionally, because plaintiff sought to amend the Pretrial Order at the pretrial conference, and the court did not allow plaintiff to do so, arguably a slightly different standard might apply to the instant case.  As the Tenth Circuit discussed in a factual scenario similar to the one at issue here,

> [b]ecause the pretrial order is the controlling document at trial, a plaintiff's "attempt to add a new claim to the pretrial order [is] the equivalent of asking leave to amend his complaint, and must be evaluated by the court under the standards set forth in Rule 15(a)." While Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), if there has

---

[20] *Sprint Communications, Co. L.P. v. Vonage Holdings Corp.,* 500 F.Supp.2d 1290, 1338 (D.Kan. 2007) (citing *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2003)).
[21] *Id.*

been undue delay on the part of the plaintiff in raising the claim, the district court may properly deny the motion as untimely. When determining whether a newly raised claim is untimely under Rule 15(a), "[t]his Circuit . . . focuses primarily on the reasons for the delay. We have held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"[22]

The Tenth Circuit has left undecided the issue of whether "a party seeking to amend its pleading after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements."[23] However, in *Minter v. Prime Equip. Co.*, the Tenth Circuit noted "the rough similarity between the 'good cause' standard of Rule 16(b) and our 'undue delay analysis under Rule 15[.]'"[24] To that end, in evaluating undue delay under Rule 15(a) the Tenth Circuit "focuses primarily on the reasons for the delay."[25] For example, "unexplained delay alone justifies the district court's discretionary decision"[26] to deny leave to amend and "courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based sometime prior to the filing of the motion to amend."[27]

Here, even applying this slightly different standard out of an abundance of caution, the court, within its discretion, still finds that allowing Plaintiff to essentially amend his complaint at this late stage would be improper.  Plaintiff has offered no real reason as to why he failed to supplement his response to Defendant's interrogatory or failed to include these claims in his original complaint.  So too, it's apparent that Plaintiff knew within the discovery period that he wished to include these additional illnesses as

---

[22]*Smith v. Aztec Well Serv. Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006)(citations omitted).
[23]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 n. 4 (10th Cir. 2007).
[24]*Id.*
[25]*Id.* at 1206 (citing *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).
[26]*Id.* (citing *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994)).
[27]*Id.* (citing *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987)).

the basis for his ADA claim and, as a result, the court further finds no basis to allow the back-door amendment of Plaintiff's claims.

### V.        Sanctions

Defendant has asked for its attorney's fees incurred in responding to Plaintiff's motion in the event that Plaintiff's motion is denied.[28]  Rule 37(c)(1) permits, but does not require, an award of attorney's fees in this situation.[29]  In this situation, however, the court does not find that an award of attorney's fees is appropriate.  Because the court specifically allowed Plaintiff to file a motion to amend the pretrial order, it would not be fair to penalize the Plaintiff for having done so.[30]

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Amend Pretrial Order (Doc. 57) is hereby denied.

**IT IS FURTHER ORDERED** that Defendant's request for attorney's fees is hereby denied.

**IT IS SO ORDERED.**

Dated this 2d day of April, 2008, at Topeka, Kansas.


 s/ K. Gary Sebelius   
K. Gary Sebelius
U.S. Magistrate Judge

---

[28] Response (Doc. 58)  at p.  23.
[29] Fed. R. Civ. P. 37(c)(1).
[30] Pretrial Order (Doc. 53) at p. 14.